Thomas A. Aurelio, J.
Defendant moves for dismissal of each cause for legal insufficiency and for dismissal of the first cause upon the further ground that the contract on which it is founded is unenforcible under the Statute of Frauds and, further, pursuant to rules 106, 211 and 212 of the Rules of Civil Practice, striking out certain portions of the prayer of relief with respect to each cause of action and pursuant to rule 212 dismissing the second and third causes upon the ground that they fail to comply with the requirements thereof.
The action is brought to recover a judgment declaring the rights and relations of the parties and for incidental and additional relief. In his first cause plaintiff alleges an alleged joint venture for the purchase and sale of 19,000 shares of the common stock of Fred F. French Investing Co., Inc., which had been optioned to the plaintiff. By the contract dated December 15, 1955 plaintiff indemnified the defendant against any loss above 10% of the purchase price to be paid by the defendant and plaintiff was to have 40% of the profits. No time for sale was provided. The agreement was prepared by the defendant, an attorney. It is alleged that it was thereafter agreed that the stock would be sold when the market price reached $12, and thereafter there was further agreement that sale shall occur Avhen the market price reached $14 per share. In the period of five years after purchase the market price rose substantially and is far in excess of the purchase price, has reached and is now approximately $14 per share and the defendant has made no effort to sell.
It is alleged that he denies the existence of a joint venture or agreement between the parties as to when the stock is to be sold and claims that he alone is to determine when and at what price such sale shall occur. Plaintiff is 78 years of age, and in poor health, and has requested that defendant make distribution of the stock, 60% to him and 40% to the plaintiff upon the latter’s payment to the defendant of 40% of the purchase price of the stock and thereby to terminate the joint venture but the defendant has failed and refused to do so.
The second cause rests on an alleged joint venture with respect to the purchase and sale of 500 shares of the preferred stock. That agreement, dated December 22, 1953, was also prepared by defendant. It is alleged that in the period of seven years since the purchase, the market price has risen substantially and is far in excess of the purchase price. Defendant denies the existence of the joint venture or of the agreement made, as alleged, between the parties as to when the stock is to *986 be sold and claims that he alone may determine when and at what price sale is to occur.
The third cause rests on an alleged agreement of joint venture of May 24, 1956 for the purchase and sale of 500 shares of the preferred and 500 shares of the common stock of 551 Fifth Avenue, Inc. The agreement was prepared in defendant’s office. It is alleged that defendant now denies the existence of a joint venture or the agreement between the parties as to when stock is to be sold and claims that he alone is to determine when and at what price sale shall occur.
These writings are particularly suitable in the circumstances here as subject for judicial declarations of the rights and relations. Several litigations on different theories based upon each of the writings is conceivable with varying success and attendant with hazard in view of plaintiff’s age and condition and in the light of defendant’s alleged positions regarding the agreements. Regardless what the ultimate declaration may be, plaintiff is entitled now during his lifetime to have the jural relations between the parties settled and determined. For this purpose, the controversy in each cause is properly and sufficiently tendered. The motion is in all respects denied.